IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                                CASE NO. 5:17-cv-229-MCR-GRJ

JOHNSON AND JOHNSON, INC.,
and JANSSEN PHARMACEUTICAL, INC.

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Northwest Florida Reception Center, initiated this case by filing a complaint against Defendants and a motion for leave to proceed as a pauper. ECF Nos. 1 and 2. Although Plaintiff is a prisoner, his complaint does not stem from the conditions of confinement. Rather, Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Plaintiff claims that Defendants manufactured and marketed the antipsychotic medication "Risperdal". In 2008, Plaintiff was prescribed Risperdal and suffered side effects, including bleeding, while confined in the Polk County Jail in 2009. After being confined in the DOC, Plaintiff suffered other side effects due to Risperdal interacting with his other medications. Plaintiff claims that Defendants failed to properly notify users of the adverse side

effects. Plaintiff asserts a claim for compensatory and punitive damages in excess of $25 million dollars. ECF No. 1.

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Wheeler v. DOC et al.*, Case No. 5:16-cv-130-MP-GRJ (N.D. Fla. 11/4/16) (dismissing case for failure to state a claim upon which relief may be granted); *Wheeler v. Jones et al.,* Case No. 5:16-cv-154-MCR-CJK (N.D. Fla. 12/29/16); *Wheeler v. Jones et al.,* Case No. 17-10712-E (11th Cir. 7/19/17) (dismissing appeal of Case No. 5:16-cv-154-MCR-CJK as frivolous). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct

evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's claims do not concern any present imminent danger posed by the conditions of confinement at NWFRC. Plaintiff's claim is one for damages in connection with a product liability claim. Even if Plaintiff asserted an imminent-danger claim, he has named Defendants that are not subject to suit under § 1983 or the ADA on any cognizable legal theory.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis

must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that leave to proceed as a pauper should be denied and this case **DISMISSED** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 12th day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**